# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11426
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL JAMES DUENAS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CR-19-5

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael James Duenas appeals the 18-month sentence imposed after his second revocation of supervised release. The sentence was four months above the advisory Guidelines sentencing range, but below the statutory maximum sentence. Duenas claims the sentence was plainly erroneous.

In 2010, Duenas pleaded guilty, *inter alia*, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2. He was

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

sentenced, *inter alia*, to 71 months' imprisonment and three years' supervised release.

His first term of supervised release began in May 2015. That September, the Government moved to revoke supervised release for violations of parole, including drug-use, drug-possession, and failure to report to the probation officer. Duenas admitted the violations. The court revoked his supervised release and sentenced him, *inter alia*, to 12 months' imprisonment, followed by another year of supervised release.

Duenas' second term of supervised release began in August 2016, and the terms required he:  permit a probation officer to visit him; not illegally possess or use any controlled substance; and not commit other crimes.  In November 2017, the Government moved to revoke Duenas' supervised release, again on grounds he failed to keep the probation officer informed of his whereabouts and used and possessed methamphetamine, having been arrested for possessing it in September 2017.

At the revocation hearing, Duenas admitted the allegations were true and declined to make a statement on his own behalf.  The court found Duenas had committed a Grade B violation and had a criminal history category of III, resulting in an advisory Guidelines sentencing range of eight to 14 months' imprisonment under Sentencing Guideline § 7B1.4.  The statutory maximum was 24 months' imprisonment under 18 U.S.C. §§ 3559(a)(3) and 3583(e)(3). Duenas was sentenced, *inter alia*, to 18 months' imprisonment, with no additional supervised release.  The court stated the above-sentencing-range sentence "addresses the issues of adequate deterrence and protection of the public".  As Duenas concedes, he did not object to the sentence during the hearing.

No. 17-11426

Because Duenas did not object to his sentence in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Duenas must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* Duenas cannot meet this standard.

"A district court may impose any sentence upon revocation of supervised release that falls within the statutory maximum term allowed for the revocation sentence, but must consider the factors enumerated in 18 U.S.C. § 3553(a) and the policy statements before doing so." *United States v. Davis*, 602 F.3d 643, 646 (5th Cir. 2010); 18 U.S.C. § 3583(e); *see also United States v. Miller*, 634 F.3d 841, 844 (5th Cir.), *cert. denied*, 565 U.S. 976 (2011).

In claiming his sentence was plainly erroneous, Duenas contends the court did not give adequate consideration to his history and characteristics. The court heard Duenas' pleas for leniency, including his employment history, character, and financial support of grandchildren. It also considered this was the second time Duenas had faced revocation of supervised release. Nothing in the record demonstrates the court failed, or refused, to consider Duenas' history or characteristics. His disagreement with the court's weighing of the sentencing factors does not show the requisite clear or obvious error in considering or weighing the sentencing factors. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *United States v. Whitelaw*, 580 F.3d 256, 262–64 (5th Cir. 2009). Moreover, even when reviewing a sentence for whether it is "plainly unreasonable" under the ordinary standard of review, our court defers to the district court's decision that the 18 U.S.C. § 3553(a) factors justify

No. 17-11426

a sentence above the advisory Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.